UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:24-cr-164-SDM-AAS

18 U.S.C. § 933

SHEM WAYNE ALEXANDER

## INDICTMENT

The Grand Jury charges:

### General Allegations

APR 11 2024 PM4:51
FILED - USDC - FLMD - TPA

#### A.    Introduction

At times material to this Indictment:

SEALED

1.    SHEM WAYNE ALEXANDER, ("ALEXANDER"), was a citizen of Trinidad and Tobago who resided in Trinidad and Tobago and visited the United States.   ALEXANDER directed co-conspirators to acquire certain types of firearms in the United States, directed co-conspirators to conceal said firearms for overseas shipment, and was responsible for distributing said firearms received from the United States in Trinidad and Tobago.   ALEXANDER also recruited co-conspirators to purchase firearms to be smuggled to Trinidad and Tobago.

2.    TEVIN OBRIAN OLIVER, a/k/a "King Himself," a/k/a "Pa" ("OLIVER"), was a citizen of Trinidad and Tobago and a lawful permanent resident of the United States who resided in the United States.   OLIVER directed and paid co-conspirators to acquire certain types of firearms in the United States, purchased

firearms and firearm components himself, and smuggled said firearms to Trinidad and Tobago. OLIVER was indicted in *United States v. Tevin Obrian Oliver, et al.,* Case No.: 8:23-cr-343-SDM-AEP.

3. JAMEAL KAIA PHILLIP, a/k/a "Kai," a/k/a "Kaya," a/k/a "Kya" ("PHILLIP"), was a citizen of Trinidad and Tobago who resided in both Trinidad and Tobago and the United States. PHILLIP obtained firearms in the United States and concealed said firearms to be smuggled to Trinidad and Tobago where they would be later distributed by ALEXANDER and OLIVER. PHILLIP was indicted in *United States v. Tevin Obrian Oliver, et al.,* Case No.: 8:23-cr-343-SDM-AEP.

4. EDWARD SOLOMAN KING III, a/k/a "Ed" ("KING"), was a citizen of the United States who resided in the Middle District of Florida. KING was recruited by ALEXANDER for the purpose of obtained firearms in the United States to be smuggled to Trinidad and Tobago where they would be later distributed by ALEXANDER and other co-conspirators. KING was indicted in *United States v. Tevin Obrian Oliver, et al.,* Case No.: 8:23-cr-343-SDM-AEP.

5. Individual-1 was a citizen of the United States who resided in the Middle District of Florida.

6. Individual-2 was a citizen of Trinidad and Tobago who resided in that country.

7. Individual-3 was a citizen of the United States who resided in the Middle District of Florida.

2

8.      18 U.S.C. § 554 prohibits a person from fraudulently or knowingly exporting or sending from the United States or attempting to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States.   It is a felony to conspire to commit a violation of 18 U.S.C. § 554.

9.      18 U.S.C. § 922(e) prohibits a person from knowingly delivering or causing to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition was being transported or shipped.   It is a felony to conspire to commit a violation of 18 U.S.C. § 922(e).

## B.      Manner and Means

10.      The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others:

a.      It was part of the conspiracy that conspirators would and did acquire firearms and related equipment, including magazines, ammunition, and firearms parts, from sellers and other individuals in the United States.

b.      It was further part of the conspiracy that conspirators would and did arrange for firearms and related equipment to be acquired in, and transported through, the Middle District of Florida.

3

c.    It was further part of the conspiracy that conspirators would and did ask third parties to assist with acquiring and transporting firearms.

d.    It was further part of the conspiracy that conspirators would and did falsely represent to firearms sellers the identities of the actual purchasers and recipients of the firearms, as well as their ultimate destination.

e.    It was further part of the conspiracy that conspirators would and did transmit funds to pay for the firearms and related equipment, as well as to reimburse and pay conspirators, including transactions that occurred in the Middle District of Florida.

f.    It was further part of the conspiracy that conspirators would and did exchange phone calls, text messages, audio messages, and other electronic communications to coordinate the acquisition and shipment of the firearms and related equipment.

g.    It was further part of the conspiracy that conspirators would and did conceal the firearms and related equipment within boxing/fight equipment, speakers, and other household items, so as to avoid detection by law enforcement and customs authorities.

h.    It was further part of the conspiracy that conspirators would and did unlawfully ship the concealed firearms and related equipment from the United States to Trinidad and Tobago by commercial shipping services, including common and contract carriers.

4

i.    It was further part of the conspiracy that conspirators would and did falsely represent to shippers the contents of packages being exported from the United States.

j.    It was further part of the conspiracy that conspirators would and did deliver and cause to be delivered to common and contract carriers for transportation or shipment in foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, packages or other containers in which there was a firearm or ammunition without written notice to the carrier that such firearm or ammunition was being transported or shipped.

k.    It was further part of the conspiracy that conspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

**COUNT ONE**
**(Conspiracy to Traffic Firearms)**

11.    Paragraphs 1 to 10 of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

12.    Beginning on an unknown date, but at least as early as in or around April 2019, and continuing until at least in or around April 2022, in the Middle District of Florida and elsewhere, the defendant,

SHEM WAYNE ALEXANDER,

5

did knowingly conspire and agree with others known and unknown, to ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person, in or otherwise affecting interstate or foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, in violation of Title 18, United States Code, Section 933(a)(1).

All in violation of Title 18, United States Code, Section 933(a)(3).

## FORFEITURE

13.    The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. §§ 924(d) and 981(a)(1)(C), and 28 U.S.C. § 2461(c).

14.    Upon conviction of a violation of Count One, the defendant,

SHEM WAYNE ALEXANDER,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the offense and, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

15.    The property to be forfeited includes, but is not limited to, the following items seized by authorities in Trinidad and Tobago on or about April 22, 2021, which had been shipped from Miami, Florida to Piarco International Airport via Laparkan Airways, Inc.:

6

a. One SAR Arms SAR-9 9mm pistol bearing serial number T1102-20BV75451;

b. One Ruger Security-9 9mm pistol bearing serial number 384-03519;

c. One Taurus G3 9mm pistol bearing serial number ABN369536;

d. One Taurus G2C 9mm pistol bearing serial number ABL113463;

e. One Taurus G2C 9mm pistol bearing serial number TLT70544;

f. One Taurus G3 9mm pistol bearing serial number ABC401000;

g. One Taurus G3 9mm pistol bearing serial number ABC405471;

h. One Glock 19 9mm pistol bearing serial number WGX286;

i. One Glock 19 9mm pistol bearing serial number BFUZ185;

j. One Ruger .38 special caliber revolver being serial number 542-63242;

k. One Bulldog 12-gauge semi-automatic shotgun bearing serial number 12BD20-2415;

l. One desert-brown pistol of unspecified make and model with black slide;

m. One brown pistol of unspecified make and model with black slide;

n. One pistol of unspecified make and model;

o. Three AR-15 barrel foregrips;

p. 19 lower pistol grip assemblies/lower receivers;

q. 11 forearm bolt assemblies/upper receivers;

r. Three AR-15-style barrels with forearm grips;

s. Two shotgun chokes;

t. One AR-15 drum magazine;

u. 32 AR-15 magazines;

7

v.     34 9mm magazines;

w.     Three 9mm drum magazines;

x.     Six magazine couplers;

y.     AR-15 ammunition, 9mm ammunition, .38 caliber ammunition, and shotgun shells;

z.     One Romarm/Cugir model Micro Draco 7.62 caliber pistol bearing serial number PMD-11014-19; and

aa.     One Taurus model PT111 G2A 9mm pistol bearing serial number TMB66883.

16.     If any of the forfeitable assets described above, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third person;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided without difficulty,

8

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By: David W.A. Chee
Assistant United States Attorney

By: Daniel Baeza
Assistant United States Attorney
Chief, Transnational Organized Crime Section

9

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

SHEM WAYNE ALEXANDER

INDICTMENT

Violation: 18 U.S.C. § 933

A true bill,

_____
Foreperson

Filed in open court this 11th day

of April, 2024.

_____
Clerk

Bail $_____

GPO 863 525